### In re LAMB'S ESTATE.

### In re DIXON et al.

(Supreme Court, General Term, Second Department. December 12, 1892.)

1. EXECUTORS—ACCOUNTING—EXPENSE OF NEGOTIATING MORTGAGE.
    Executors who have invested trust funds in a bond and mortgage which are perfectly good are not entitled, on final accounting, to the expenses incurred by them on a sale and transfer of such bond and mortgage before maturity to a third person.

2. SAME—COSTS OF SPECIAL ACCOUNTING.
    On discharge of executors at their own request, the cost of a special accounting, rendered necessary thereby, should not be borne by the estate.

Appeal from surrogate court, Kings county.

Application by Richard Dixon and Matilda Lamb Dixon for final judicial settlement of their accounts as executors, etc., of Thomas Lamb, deceased, and for leave to resign and be discharged as trustees under the will. From a decree of the surrogate charging the executors with the expense of negotiating a bond and mortgage and of a special accounting, they appeal. Affirmed.

For decision admitting will to probate, see 5 N. Y. Supp. 565.

The request of the executors and trustees to be discharged was based on the loss of health of the acting executor, Richard Dixon, and the want of business experience of the other executor. The surrogate granted their request. Pursuant to the terms of the will, the executors had established two separate trusts with the funds of the estate,—one for Mrs. Leach, and the other for her children. These two trusts were united in one bond and mortgage on New York city real estate for $20,000, and negotiated by them, and assigned before maturity, at an expense of $225. When the executors came to turn over the estate to their successors, the People's Trust Company, the company required the whole $20,000 to be turned over to them, or that the surrogate declare exactly what the company shall receive. This necessitated a supplemental account, wherein the surrogate passed on the expenses thus incurred, and required the executors to stand, not only the expense of negotiating the bond and mortgage, but also the expenses of the supplemental accounting.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

N. Cothren, for appellants.
A. M. & G. Card, for respondents.

BARNARD, P. J. The executors apply to be discharged. The surrogate of Kings county granted their application. Upon the accounting it appeared that there was a bond and mortgage made to them for $20,-000. This amount was held for two trust funds,—one for Maria Leach for $10,000, and one for her children for the same amount. The executors claim an allowance for $225, paid by them upon a transfer of this mortgage. The mortgage was perfectly good. The trust funds were not full, but each had been depleted. The successor appointed by the court would not take the $20,000 mortgage and pay the overdrafts to the trustees. The item for the expense of negotiating the mortgage was properly rejected. The beneficiaries should not be called upon to pay for serving the two funds, especially as the successors in trust to the executors could not be compelled to take a mortgage greater than the estate, and pay the trustees. The cost of the special accounting was properly put in the petition. They asked to be discharged, and it was no more than was just that they should not charge the estate with a special accounting. The executors had good reason to be discharged on their own request without fulfilling the trust, but it was equitable that their application should not cost the funds for an account which was only an incident to their discharge on their own request. The order appealed from should be affirmed, with costs. All concur.